O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSPE AUDIO SOLUTIONS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINTAGE KING AUDIO, INC., a Michigan corporation; CHRIS BOLITHO, an individual; ROBERT ALEXANDER, an individual,<br><br>　　　　Defendants. | Case No. CV 12-06863 DDP (PJWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Dkt. Nos. 9, 10] |

Presently before the court is Defendant Vintage King Audio Inc. ("Vintage King")'s Motion to Dismiss, in which Defendants Chris Bolitho and Robert Alexander join. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.　Background**

Plaintiff RSPE Audio Solutions, Inc. ("RSPE") provides professional audio and video equipment and consulting and engineering services to its clients. (First Amended Complaint

("FAC") ¶ 8.) RSPE maintains confidential information, such as customer lists, employee compensation terms, deal proposals, and the like, that RPSE alleges constitute trade secrets. (FAC ¶ 10.)

Defendants Bolitho and Alexander were, until May 2012, RSPE employees. (FAC ¶ 14.) Bolitho had special access to RSPE's confidential information. (FAC ¶ 15.) RSPE alleges that on April 19, 2012, Bolitho and Alexander accessed RSPE systems from unauthorized computers and made unauthorized copies of RSPE's trade secrets. (FAC ¶¶ 13-17.) RSPE further alleges that Bolitho and Alexander used RSPE secrets to benefit RSPE's competitor, Defendant Vintage King. (FAC ¶ 17.) Bolitho also coopted RSPE's e-mail system and tampered with RSPE's online accounts. (FAC ¶¶21.) Two weeks after accessing RSPE's trade secrets, Bolitho and Alexander left RSPE and began working for Vintage King. (FAC ¶¶ 15-17, 21.)

RSPE filed suit against Bolitho, Alexander, and Vintage King in California state court. RSPE's FAC alleges six causes of action, including the First Cause of Action for Misappropriation of Trade Secrets in violation of California's Uniform Trade Secrets Act ("CUTSA"), Civil Code Section 3426, <u>et seq</u>. The Second, Third, and Fourth Causes of Action allege intentional interference with prospective economic advantage, unfair business practices, and aiding and abetting misappropriation of trade secrets, respectively.[1] Bolitho and Alexander removed to this court. Vintage King now moves for judgment on the pleadings as to the Second, Third, and Fourth Causes of Action.

///

---

[1] The FAC also alleges two additional causes of action not at issue here.

2

**II.  Legal Standard**

A motion for judgment on the pleadings under Federal Rule of Procedure 12(c) is functionally identical to a motion to dismiss brought under Rule 12(b)(6).  Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 1047, 1055 n.4 (9th Cir. 2011).  The two are, therefore, decided by the same standard.  Id.  A complaint will survive either motion when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at

3

555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**

California's Uniform Trade Secrets Act preempts, displaces, and supercedes all "claims based on the same nucleus of facts as trade secret misappropriation." <u>K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.</u>, 171 Cal. App. 4th 939, 962 (2009). CUTSA, therefore, "provides the exclusive civil remedy for conduct falling within its terms . . . ." <u>Silvaco Data Sys. v. Intel Corp.</u>, 184 Cal. App. 4th 210, 236 (2010). CUTSA does not affect contractual remedies or "civil remedies that are <u>not</u> based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b) (emphasis added).

Here, RSPE's First Cause of Action under CUTSA alleges that "Defendants' conduct as alleged in this Complaint constitutes misappropriation of trade secrets pursuant to [CUTSA]." (FAC ¶ 24.) Vintage King argues that the Second, Third, and Fourth Causes of Action are based upon the same nucleus of facts as the CUTSA claim, and are therefore preempted by CUTSA.

RSPE does not dispute that claims arising out of the same nucleus of facts as a CUTSA trade secret misappropriation claim are preempted. Rather, RSPE asserts that is has alleged bad acts independent of the trade secrets claims. (Opp. at 3.) Indeed, paragraphs eighteen through twenty-one of the FAC make no mention of trade secrets. Instead, those paragraphs allege that Bolitho misdirected e-mails from RSPE clients (FAC ¶ 18), tampered with

4

RSPE's eBay storefront in an attempt to transfer the account to Vintage King (FAC ¶ 20), and tampered with RSPE's Amazon.com account (FAC ¶ 21).

Though the FAC does incorporate non-trade secret-related allegations into the Second, Third, and Fourth Causes of action, such allegations do not serve as the basis of those claims. Rather, each cause of action at issue here explicitly refers to RSPE's trade secrets claims. The Second Cause of Action for Intentional Interference with Prospective Economic Advantage, for example, alleges that "[Defendants'] conduct was wrongful . . ., as it also violated the Uniform Trade Secrets Act." (FAC ¶ 34.) Furthermore, the Second Cause of Action makes no mention of the alleged e-mail chicanery or internet tampering, but does explicitly reiterate the value of RSPE's "customer lists, contacts, and information . . .," i.e., RSPE's trade secrets. (FAC ¶ 10, 35.)

Similarly, the Third Cause of Action for Unfair Business Practices under California Business and Professions Code Section 17200 specifies that "Defendants' misappropriation of the Trade Secrets as alleged herein constitutes unfair and/or fraudulent business practices . . . ." (FAC ¶ 39.) The very description of the Fourth Cause of Action for Aiding and Abetting Misappropriation of Trade Secrets and Interference with Economic Advantage reveals that it, too, is based upon the same nucleus of facts as the CUTSA claim. Indeed, the Fourth Cause of Action describes "misappropriation of trade secrets" as the specific wrong perpetrated against RSPE.

While the FAC contains allegations potentially unrelated to RSPE's trade secrets claim, the Second, Third, and Fourth Causes of

5

Action are based upon the same nucleus of fact as RSPE's CUTSA claim for misappropriation of trade secrets. The Second, Third, and Fourth Causes of Action are, therefore, preempted by CUTSA.[2]

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is GRANTED, with leave to amend. Any amended complaint shall be filed within ten days of the date of this order.

IT IS SO ORDERED.

Dated: January 7, 2013

DEAN D. PREGERSON
United States District Judge

---

[2] RSPE argues that it would be premature to address the preemption question at this stage, prior to a determination whether the information at issue here was made property by a provision of positive law different from CUTSA. See Bryant v. Mattel, Inc., No. CV 04-9049 DOC, 2010 WL 3705668 at *21-22 (C.D. Cal. Aug. 2, 2010). RSPE has not, however, alleged any facts to support the inference that it has a non-trade secret property interest in any of the information at issue here. See SunPower Corp. v. SolarCity Corp., No 12-CV-694 LHK, 2012 WL 6160472 at *14-15 (N.D. Cal. Dec. 11, 2012).