O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RSPE AUDIO SOLUTIONS, INC., a California corporation, | ) ) ) | Case No. CV 12-06863 DDP (PJWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| VINTAGE KING AUDIO, INC., et al., | ) ) ) | |
| Defendants. | ) ) | [Dkt. Nos. 36, 41] |
| _____ | ) | |

    Presently before the court is Defendant Vintage King Audio Inc. ("Vintage King")'s Motion to Dismiss Plaintiff's Second, Third and Fourth causes of action. Defendants Chris Bolitho and Robert Alexander join in the motion. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

    Plaintiff RSPE Audio Solutions, Inc. ("RSPE") provides professional audio and video equipment and consulting and engineering services to its clients. (Second Amended Complaint ("SAC") ¶ 10.) RSPE maintains confidential information, such as

customer lists, employee compensation terms, deal proposals, and the like, that RPSE alleges constitute trade secrets. (SAC ¶ 12.)

Defendants Bolitho and Alexander were, until May 2012, RSPE employees. (SAC ¶ 15.) Bolitho had special access to RSPE's confidential information. (SAC ¶ 16.) RSPE alleges that on April 19, 2012, Bolitho and Alexander accessed RSPE systems from unauthorized computers and made unauthorized copies of RSPE's trade secrets. (SAC ¶ 17.) RSPE further alleges that Bolitho and Alexander used RSPE secrets to contact and solicit RSPE customers for the benefit of competitor Vintage King. (SAC ¶ 18.)

The SAC further alleges that Bolitho and Alexander engaged in other wrongful acts ostensibly unrelated to the theft of trade secrets. (SAC ¶¶ 19-27). The SAC alleges, for example, that Bolitho and Alexander referred to RSPE proposed offer terms to draft bid sheets for Vintage King. (SAC ¶ 19.) Bolitho also tampered with RSPE e-mail systems to divert messages to his personal e-mail address, obtain duplicates of customer support "live chat" transcripts, intentionally overstated RSPE prices so as to sabotage RSPE deals, and regularly collaborated with Vintage King on plans to divert customers to Vintage King. (SAC ¶¶ 20-23.) RSPE further alleges that Bolitho hijacked its eBay store and directed RSPE's online business to Vintage King. (SAC ¶ 25.)

In early May 2012, Bolitho and Alexander resigned from RSPE and went to work for Vintage King. (SAC ¶ 8.) Bolitho continued his wrongful acts as a Vintage King employee and committed additional bad acts, such as changing the passwords to RSPE's Amazon.com account and deleting RSPE's Amazon sale listings. (SAC ¶¶ 8, 21-22, 25-26.)

2

RSPE filed suit against Bolitho, Alexander, and Vintage King in California state court. RSPE's SAC alleges six causes of action, including the First Cause of Action for Misappropriation of Trade Secrets in violation of California's Uniform Trade Secrets Act ("CUTSA"), Civil Code Section 3426, et seq. The Second, Third, and Fourth Causes of Action allege intentional interference with prospective economic advantage, unfair business practices, and aiding and abetting misappropriation of trade secrets, respectively, against all Defendants.[1] Bolitho and Alexander removed to this court. Vintage King, joined by Bolitho and Alexander, moved for judgment on the pleadings as to the Second, Third, and Fourth Causes of Action of RSPE's First Amended Complaint. This court granted the motion, with leave to amend. RSPE then refined its claims and filed the SAC. Vintage King, again joined by Bolitho and Alexander, now moves to dismiss the SAC's Second, Third, and Fourth Causes of Action.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its SACe." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

---

[1] The SAC also alleges two additional causes of action not at issue here. Though not pertinent here, the court notes that Fifth and Sixth causes of action are inconsistently numbered in the caption and body of the SAC.

3

1  need not include "detailed factual allegations," it must offer
2  "more than an unadorned, the-defendant-unlawfully-harmed-me
3  accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or
4  allegations that are no more than a statement of a legal conclusion
5  "are not entitled to the assumption of truth." Id. at 679.  In
6  other words, a pleading that merely offers "labels and
7  conclusions," a "formulaic recitation of the elements," or "naked
8  assertions" will not be sufficient to state a claim upon which
9  relief can be granted.  Id. at 678 (citations and internal
10 quotation marks omitted).
11      "When there are well-pleaded factual allegations, a court
12 should assume their veracity and then determine whether they
13 plausibly give rise to an entitlement of relief." Id. at 679.
14 Plaintiffs must allege "plausible grounds to infer" that their
15 claims rise "above the speculative level." Twombly, 550 U.S. at
16 555. "Determining whether a complaint states a plausible claim for
17 relief" is a "context-specific task that requires the reviewing
18 court to draw on its judicial experience and common sense." Iqbal,
19 556 U.S. at 679.

**III. Discussion**

As explained in the court's earlier order, California's Uniform Trade Secrets Act ("CUTSA") preempts, displaces, and supercedes all "claims based on the same nucleus of facts as trade secret misappropriation." K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc., 171 Cal. App. 4th 939, 962 (2009). CUTSA, therefore, "provides the exclusive civil remedy for conduct falling within its terms . . . ." Silvaco Data Sys. v. Intel

1   Corp., 184 Cal. App. 4th 210, 236 (2010).  CUTSA does not affect
2   contractual remedies or "civil remedies that are not based upon
3       The SAC is not a model of clarity.  RSPE's First Cause of
4   Action under CUTSA alleges that "Defendants' conduct as alleged in
5   this Complaint constitutes misappropriation of trade secrets
6   pursuant to [CUTSA]."  (SAC ¶ 29.)  Plaintiff acknowledges that the
7   Second, Third, and Fourth causes of action all incorporate
8   misappropriation of trade secrets allegations, and that the caption
9   of the SAC incorporates misappropriation of trade secrets into the
10  Fourth Cause of Action.  Plaintiff ascribes these fatal references
11  to trade secrets to "clerical errors" resulting from its amendment
12  of the FAC.  Plaintiff has indicated that it desires to strike
13  these errors from the SAC.
14      Putting aside these avowed errors, the SAC alleges that
15  Defendants "stole various items of RSPE's property, *some* of which
16  are trade secrets."  (SAC ¶ 8 (emphasis original).)  The SAC then
17  describes the "theft of trade secrets," and "other wrongful acts"
18  in separate sections.  (SAC ¶¶ 15-18, 19-27.)  The SAC identifies
19  alleged trade secrets such as RSPE's customer list, client contact
20  information, employee compensation terms, clients' order histories,
21  customer preferences, pricing, and "a database of information
22  regarding RSPE's business relationships."[2]  (SAC ¶¶ 12,17.)  The
23  SAC does not, however, specifically allege that Defendants "stole"
24  any particular item of non-trade secret property or allege a cause
25  of action for conversion of any tangible or intangible non-trade

---

[2] At argument, Plaintiff appeared to suggest that the SAC references a single trade secret, RSPE's customer list database. That suggestion is at odds with the plain language of the SAC.

secret property. See Bryant v. Mattel, Inc., No. CV 4-9049 DOC, 2010 WL 3705668 at *22 (C.D. Cal. Aug. 2, 2010) ("Intangible property can be converted.").

The Second Cause of Action for Intentional Interference with Prospective Economic Advantage alleges that Defendants sabotaged RSPE's access to its clients and to its own online storefronts, interfered with pending transactions, deliberately misquoted RSPE's prices, and induced clients to patronize Vintage King rather than RSPE (SAC ¶ 39.)[3] Plaintiff's opposition clarifies that the Second Cause of Action is based upon Bolitho and Alexander's alleged misappropriation of intangible information, "e.g. emails, deal proposals, and RSPE's eBay store." (Opp. at 6; SAC ¶ 39.)

Generally, a property rights where there is (1) a definable interest that (2) is capable of exclusive possession and to which (3) a putative owner has established a legitimate claim to exclusivity. Kremen v. Cohen, 337 F.3d 1024, 1030 (9th Cir. 2003). "[I]nformation that does not fit [the] definition [of a trade secret], and is not made property by some provision of positive law, belongs to no one, and cannot be converted or stolen." Silvaco, 184 Cal.App.4th at 239 n.22. In the CUTSA preemption context, the alleged property right over information must also fall outside the realm of trade secrets law. Silvaco, 184 Cal.App.4th at 239. Even proprietary information that does not constitute a trade secret may fall within CUTSA's ambit where the basis of the property interest is rooted in the information's private nature.

---

[3] The Third and Fourth Causes of Action incorporate these same allegations. This order's discussion of the Second Cause of action therefore also applies to the Third and Fourth Causes of Action.

Sunpower Corp. v. SolarCity Corp., No. 12-CV-694 LHK, 2012 WL 6160472 at *4-6 (N.D. Cal. Dec. 11, 2012); Bryant, 2010 WL at *21.

Vintage King argues that, despite Plaintiff's assertion that the "other wrongful acts" described in the Second Cause of Action are unrelated to trade secrets, the acts are based on the same nucleus of facts as the CUTSA claim, and are therefore preempted. Plaintiff cursorily responds that it has articulated a non-trade secret property interest in the information described in the Second Cause of Action by alleging that Bolitho misappropriated the information while employed at RSPE. (Opp. at 6; SAC ¶ 19.) As an initial matter, it is unclear to the court how Bolitho's employment status alone gives rise to any property rights, particularly with respect to eBay and Amazon storefronts that would not appear to fall under RSPE's exclusive control.

More importantly, as Defendants contend, the acts underlying the Second, Third, and Fourth causes of action arise from the same nucleus of facts as the trade secret claims. This court generally agrees with the Bryant court that CUTSA preemption questions are better addressed at summary judgment. That is, in determining whether a particular claim arises out of the theft of confidential or proprietary information, the better approach is to analyze what the information is, how it was appropriated, and what interest was harmed before deciding whether the allegedly misappropriated information was made property by some provision of law beyond the scope of trade secrets law. Bryant, 2010 WL at *22.

In some cases, however, "where a plaintiff includes only vague allegations regarding the nature of purportedly non-trade secret proprietary information, a determination of CUTSA preemption may be

possible on a motion to dismiss." <u>Sunpower</u>, 2012 WL at *14. Such is the case here. The information and conduct described in the Second Cause of Action appears to be closely related, if not identical, to that listed in the First Cause of Action under CUTSA. The CUTSA claim, for example, alleges that Defendants stole trade secrets such as pricing data and customer preferences. The allegations in the Second Cause of Action, such as that Defendants "interfered with deal proposals" and "over-bid price quotes," are bound up with, if not directly premised upon, Defendants' use of the trade secrets identified in Plaintiff's CUTSA claim. Even if the property identified in the Second through Fourth causes of action does not meet the definition of a trade secret, the property appears to be confidential information such as e-mails and passwords. To the extent the confidential nature of this information serves as the basis for RSPE's proprietary interest in it, RSPE's claims are pre-empted by CUTSA. <u>Sunpower</u>, 2012 WL 6160472 at *4-6  Because the conduct underpinning the non-trade secret causes of action arises out of the same nucleus of facts as the theft of trade secrets, CUTSA preempts the Second, Third, and Fourth Causes of action.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is GRANTED. Plaintiff having now amended its claims three times, without success, the Second, Third, and Fourth Causes of action are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: March 18, 2013

DEAN D. PREGERSON
United States District Judge