1  **BUCHALTER NEMER**
   A Professional Corporation
2  ROBERT ADDISON, JR. (SBN: 188565)
   WILLIAM MILLER (SBN: 216289)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Fax: (213) 896-0400
5  Email:  raddison@buchalter.com
           wmiller@buchalter.com
6
   Attorneys for Plaintiff
7  RSPE AUDIO SOLUTIONS, INC.

8  DOUGLAS A. WICKHAM, SBN 127268
   SAM SANI, SBN 273993
9  **LITTLER MENDELSON, P.C.**
   2049 Century Park East, 5th Floor
10 Los Angeles, CA 90067.3107
   Telephone:  (310) 553-0308
11 Facsimile:  (310) 553-5583
   Email:    dwickham@littler.com
12           ssani@littler.com

13 Attorneys for Defendant
   VINTAGE KING AUDIO, INC.
14
   [COUNSEL CONTINUED ON NEXT PAGE]
15

FILED
CLERK, U.S. DISTRICT COURT
MAR - 8 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSPE AUDIO SOLUTIONS, INC. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VINTAGE KING AUDIO, INC. a Michigan Corporation; CHRIS BOLITHO, an individual, ROBERT ALEXANDER, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV 12-06863 DDP (PJWx)<br><br>*Assigned to the on. Dean D. Pregerson*<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTER-CLAIM | |

1
STIPULATED PROTECTIVE ORDER

MATTHEW B. HAYES, ESQ. SBN 220639
HAYES PAWLENKO LLP
595 East Coloradao Boulevard, Suite 303
Pasadena, CA 91101
Telephone: (213) 891-0700
Fascimile: (213) 896-0400
Email: mhayes@helpcounsel.com

Attorneys For Defendants
CHRIS BOLITHO AND ROBERT ALEXANDER

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

2
STIPULATED PROTECTIVE ORDER
BN 13738704v2
Firmwide:120070409.1 071888.1001

1  Plaintiff and Cross-Defendant RSPE Audio Solutions, Inc., Defendants Vintage King Audio, Inc. and Robert Alexander, and Defendant and Cross-Complainant Chris Bolitho, by and through their respective counsel, hereby agree and stipulate to the following Protective Order ("Order") as follows:

1. The following procedure shall govern the production of all materials during discovery in this matter, including, but not limited to, answers to interrogatories, requests for admissions, all documents or other materials or things produced by parties or non-parties, responses to subpoenas *duces tecum*, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively the "Discovery Materials") which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to paragraphs 2 and 3 below, including all copies, excerpts, summaries and information derived from them (collectively "Confidential Materials").

2. Any party or non-party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL." CONFIDENTIAL information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. By designating a document, thing, material, testimony or information derived therefrom as CONFIDENTIAL, under the order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 13738704v2
Firmwide:120070409.1 071888.1001

3
STIPULATED PROTECTIVE ORDER

3.  Any party or non-party producing Discovery Materials may designate Discovery Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is CONFIDENTIAL information (as defined in paragraph 2) that contains trade secrets, as defined by the California Uniform Trade Secrets Act, business plans, non-public financial information, customer lists, personnel information, and/or information protected by the right to privacy under any state or federal statute, rule, or regulation. By designating a document, thing, material, testimony or information derived therefrom as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, under the order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4.  Any party who produces documents, computer media, or other materials or things, or gives testimony in this action may designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the following manner:

>   a.  Designation of Documents: CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY "documents" (defined herein as including, but not limited to exhibits, documents and things, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, and copies of any of the foregoing) produced or given by any party or non-party during discovery, hearings or trial in this case shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover page of any multipage document shall designate all pages of the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL, unless otherwise indicated by the producing party.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

STIPULATED PROTECTIVE ORDER

BN 13738704v2
Firmwide:120070409.1 071888.1001

b. Designation of Computer Media: Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (as defined above) produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to production. In the event a receiving party generates any "hard copy" or printout from any such disks, that party must immediately stamp the cover page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

c. Designation of Deposition Transcripts: Testimony taken at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to this Protective Order either (a) by making a statement to that effect on the record at the deposition, or (b) within fifteen (15) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall physically stamp or mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraphs 7 and 8. If a Deposition Transcript is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of the deposition, or during the fifteen (15) day period described above, the party so designating shall indicate what portions

of the transcript are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to label such portions appropriately.

        d.      Designation of Hearing Testimony or Argument: Testimony taken at a hearing or trial may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the proceeding. Whenever matter designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to label such portions appropriately.

      5.      Should any party to whom materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are produced object to the classification of such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should the objecting party and the producing party or non-party be unable to resolve the objection informally through a meet and confer process, then the objecting party may move for an order of the Court determining whether the materials are properly designated. Until a motion is filed and resolved by the Court, all materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

STIPULATED PROTECTIVE ORDER

BN 13738704v2
Firmwide:120070409.1 071888.1001

ONLY" shall be treated as Confidential Materials of the class they are designated.

6. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials may not be disclosed except as set forth in paragraphs 7 and 8 below. Confidential Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential Materials shall be used solely for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Persons having access to Confidential Materials shall not disclose or provide Confidential Materials to any person not authorized to receive such materials under the terms of this Order. The restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of this contested matter, and, after conclusion of this contested matter, the Court shall retain jurisdiction for the purpose of enforcing this Order.

7. "CONFIDENTIAL" materials may be disclosed only to the following:

   a. Counsel of record for any party to this action;

   b. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above;

   c. The Court, Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action; and

   d. Consultants or experts, together with their clerical staff, retained by counsel to aid in the prosecution, defense, or settlement of this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials,

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 13738704v2
Firmwide:120070409.1 071888.1001

7
STIPULATED PROTECTIVE ORDER

and shall be provided to the opposing party's counsel upon written request.

   e. Any person who is shown on the face of a document to be an author or recipient of the document, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing party's counsel upon written request.

   f. Any party, or officer, director, employee or former employee of a party, or any officer, director, employee or former employee of a parent, subsidiary or affiliate of a party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing party's counsel upon written request.

   g. A witness at any deposition or other proceeding in this action.

   h. Any other person as to whom the parties in writing agree.

  8. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials may be disclosed only to those persons designated in paragraph 7 (a)–(c), (e), (g), and (h) above. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials may also be disclosed to those persons identified in paragraph 7(d), provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

8

STIPULATED PROTECTIVE ORDER

BN 13738704v2
Firmwide:120070409.1 071888.1001

Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing party's counsel upon written request.. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents shall not be disclosed to those persons identified in paragraph 7(f), unless (1) otherwise agreed or ordered, or (2) they are an author or recipient of a document as provided in paragraph 7(e). If disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Confidential Materials may be shown or disclosed to persons or entities during deposition, conference, hearing, or the trial of this action only if and to the extent such persons or entities are authorized to receive such information by the terms of paragraphs 7 and 8 of this Order. If any Confidential Materials are summarized, discussed, or otherwise used at any deposition, conference, hearing, or the trial of this action, all persons or representatives of entities (other than those entitled to receive the Confidential Materials in accordance with this Order) shall be excluded from attendance at the deposition, conference, hearing, or trial of this action during such time as the Confidential Material is disclosed, unless the Parties otherwise agree or the Court otherwise orders. If at any deposition session or hearing or trial, when counsel for a Party deems that the answer to a question will result in the disclosure of Confidential Materials, counsel may request that all persons not authorized to disclosure of the Confidential Materials pursuant to this Order leave the room during the confidential portion of the proceeding.

10. Nothing herein shall impose any restrictions on any party from disclosing its own Confidential Materials as such party deems appropriate.

11. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this

Buchalter Nemer
A Professional Corporation
Los Angeles

BN 13738704v2
Firmwide:120070409.1 071888.1001

9

STIPULATED PROTECTIVE ORDER

action, or from disclosing

12. <u>Filing Under Seal</u>: If any Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," is included in any papers to be filed in Court, such papers shall be filed in compliance with the procedures set forth in Civil Local Rules 79-5.1 through 79-5.3.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon final termination of this contested matter, including all appeals, counsel for each party (1) shall return to the producing party all Confidential Materials and certify that all such Materials have in fact been returned, or alternatively, (2) shall represent and warrant in writing that all such materials have been destroyed.

14. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

15. The designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order shall not be used, construed or interpreted as evidence that the designating party believes or contends that the designated materials constitute protected trade secrets or are otherwise protected as confidential and/or proprietary materials. Likewise, the failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be used, construed or interpreted as evidence that the producing party does not believe or contend that the designated materials constitute protected trade secrets or are otherwise protected as confidential and/or proprietary materials. This Order, the fact of its adoption or

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 13738704v2
Firmwide:120070409.1 071888.1001

10
STIPULATED PROTECTIVE ORDER

entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

16. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Material or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. Nothing in this Order shall preclude any party from making any claim of privilege as to any information requested by another party. Failure to designate Discovery Materials as Confidential Materials shall not constitute a waiver of any other claim of privilege.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order may be amended by agreement of counsel for the parties in the form of a written stipulation filed with the Court and subject to the Court's approval.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

11
STIPULATED PROTECTIVE ORDER

BN 13738704v2
Firmwide:120070409.1 071888.1001

20. This Order may be executed in counterparts which, taken together, shall constitute one and the same agreement.

DATED: May 7, 2013

**BUCHALTER NEMER**
A Professional Corporation

/s/ Robert S. Addison
_____
ROBERT S. ADDISON, JR.
Attorneys for Plaintiff
RSPE AUDIO SOLUTIONS, INC.

DATED: May 7, 2013

**LITTLER MENDELSON**
A Professional Corporation

/s/ Sam Sani
_____
SAM SANI
Attorneys for Defendant
VINTAGE KING AUDIO, INC.

DATED: May 7, 2013

**HAYES PAWLENKO LLP**

/s/ Matthew P. Hayes
_____
MATTHEW P. HAYES
Attorneys for Defendants
CHRIS BOLITHO AND ROBERT ALEXANDER

///

It is so ordered.

Patrick J. Walsh
PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

5/8/13

12
STIPULATED PROTECTIVE ORDER
BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 13738704v2
Firmwide:120070409.1 071888.1001

1  **BUCHALTER NEMER**
   A Professional Corporation
2  ROBERT ADDISON, JR. (SBN: 188565)
   WILLIAM MILLER (SBN: 216289)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Fax: (213) 896-0400
5  Email:  raddison@buchalter.com
           wmiller@buchalter.com
6
   Attorneys for Plaintiff
7  RSPE AUDIO SOLUTIONS, INC.

8  DOUGLAS A. WICKHAM, SBN 127268
   SAM SANI, SBN 273993
9  **LITTLER MENDELSON, P.C.**
   2049 Century Park East, 5th Floor
10 Los Angeles, CA 90067.3107
   Telephone:  (310) 553-0308
11 Facsimile:  (310) 553-5583
   Email:      dwickham@littler.com
12             ssani@littler.com

13 Attorneys for Defendant
   VINTAGE KING AUDIO, INC.
14
   [COUNSEL CONTINUED ON NEXT PAGE]
15
                    **UNITED STATES DISTRICT COURT**
16
                    **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| RSPE AUDIO SOLUTIONS, INC. a California Corporation, | CASE NO. CV 12-06863 DDP (PJWx) |
| Plaintiff, | *Assigned to the on. Dean D. Pregerson* |
| vs. | **UNDERTAKING** |
| VINTAGE KING AUDIO, INC. a Michigan Corporation; CHRIS BOLITHO, an individual, ROBERT ALEXANDER, an individual, and DOES 1 through 20, inclusive, | |
| Defendants. | |
| AND RELATED COUNTER-CLAIM | |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

13
STIPULATED PROTECTIVE ORDER
BN 13738704v2
Firmwide:120070409.1 071888.1001

1  MATTHEW B. HAYES, ESQ. SBN 220639
   HAYES PAWLENKO LLP
2  595 East Coloradao Boulevard, Suite 303
   Pasadena, CA  91101
3  Telephone:  (213) 891-0700
   Fascimile:   (213) 896-0400
4  Email:        mhayes@helpcounsel.com

5  Attorneys For Defendants

6  CHRIS BOLITHO AND ROBERT ALEXANDER

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

14

STIPULATED PROTECTIVE ORDER

BN 13738704v2
Firmwide:120070409.1 071888.1001

I, _____, have read the STIPULATED PROTECTIVE ORDER ("Order") entered by order of the United States District Court, Central District of California in this action and know the contents thereof. I understand and agree that I shall not use or disclose, in public or private, any Confidential Materials or information contained therein or information derived therefrom without the prior written consent of the designating party or as otherwise set forth in the Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____
[SIGNATURE]

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 13738704v2
Firmwide:120070409.1 071888.1001

15
STIPULATED PROTECTIVE ORDER